UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF SOAD WATTAR, Haifa Sharifeh as Executrix, and RAGDA SHARIFEH,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD LIFE AND ANNUITY INSURANCE COMPANY and WELLS FARGO FINANCIAL ADVISORS,<br><br>Defendants. | No. 16 CV 4397<br><br>Judge Manish S. Shah |

### MEMORANDUM OPINION AND ORDER

In an attempt to comply with an order issued by a bankruptcy court, defendants Hartford Life and Annuity Insurance Company and Wells Fargo Financial Advisors turned over assets in their possession to a bankruptcy trustee designated by that court. Plaintiffs claim that defendants misinterpreted that order, improperly transferred the assets, and did so without providing plaintiffs with proper notice. They bring claims of breach of contract, breach of fiduciary duty, and negligence. Defendants move to dismiss plaintiffs' claims. For the following reasons, the motions are granted.

### I.  Legal Standards

A court must dismiss an action if it determines, at any time, that it lacks subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and a defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Subject-matter jurisdiction depends in part on Article III standing—the requirement that plaintiffs present an actual case or controversy. *See Silha v. ACT, Inc.*, 807 F.3d 169, 172–73 (7th Cir. 2015). The plaintiff bears the burden of proving that jurisdiction is proper, and must allege facts sufficient to plausibly suggest that subject-matter jurisdiction exists. *Silha*, 807 F.3d at 173–74.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 558 (2009)). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989). On a 12(b)(6) motion, a court may consider only the allegations in the complaint, documents attached to the complaint, documents that are both referred to in the complaint and central to its claims, and information that is subject to proper judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). When analyzing a motion under either Rule 12(b)(1) or 12(b)(6), a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but a court need not accept legal conclusions or conclusory allegations. *Virnich*, 664 F.3d at 212 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680–82 (2009)); *Silha*, 807 F.3d at 174.

## II. Facts

On August 5, 2010, a bankruptcy court, presiding over the bankruptcy of Richard Sharif, entered an order directing the seizure of certain assets. [1] ¶ 1. The

court ordered that defendant Hartford Life and Annuity Insurance Company turn over to a designated bankruptcy trustee "any and all beneficial, equitable, legal, or other interests attributable to, concerning, in, or related to any life insurance policies issued by any Hartford insurance entity concerning or related to [Sharif] or Soad Wattar or the Soad Wattar Revocable Living Trust." [1-4] at 1. At the time, Hartford held $500,000 in proceeds resulting from a policy insuring the life of Soad Wattar, who had died on March 17, 2010. [1] ¶¶ 12–13. The bankruptcy court also ordered that defendant Wells Fargo Financial Advisors "shall process all necessary documents to reflect change in ownership from Soad Wattar Revocable Living Trust to [the bankruptcy trustee] for the estate of Richard Sharif, for [seven specified accounts]." [1-4] at 1–2. Wells Fargo had been in possession of $1,600,000 that had belonged to the Soad Wattar Revocable Living Trust. [1] ¶ 15. Both defendants, upon receiving the bankruptcy court's order, turned over the assets in their possession to the bankruptcy trustee. [1] ¶¶ 3, 16.

Plaintiffs Ragda Sharifeh and the estate of Soad Wattar allege that, when the bankruptcy court entered the order, the life insurance proceeds held by Hartford rightfully belonged to Sharifeh, and that the assets held by Wells Fargo belonged to the estate of Soad Wattar. [1] ¶¶ 13, 15. Plaintiffs allege that defendants should not have transferred the assets to the bankruptcy trustee and should have notified plaintiffs of their intent to do so. [1] ¶¶ 16, 26. Plaintiffs bring claims for breach of contract, breach of fiduciary duty, and negligence against both defendants.

3

## III. Analysis

### A. Article III Standing

Both defendants seek dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing. To establish standing under Article III, a plaintiff must allege that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). A plaintiff suffered an injury in fact if she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). Here, plaintiffs argue that Hartford caused Ragda Sharifeh financial injury by failing to give her the insurance proceeds that she was owed as beneficiary to the insurance policy, and that the estate of Soad Wattar has standing to pursue claims against Hartford because Soad Wattar was the insured. And plaintiffs argue that Wells Fargo injured the estate by transferring its assets to a third party. Plaintiffs also claim injury based on defendants' failure to notify them of the transfers. Plaintiffs' arguments rest on the assumption that they hold some interest in the assets at issue. But as defendants note, that assumption is invalid, because plaintiffs fail to adequately plead any interest in the assets that were turned over.

For example, plaintiffs' interest in the insurance proceeds that Hartford turned over is founded on the allegation that Ragda Sharifeh is the beneficiary of

4

the Soad Wattar life insurance policy. In support of that statement, plaintiffs refer to an exhibit to the complaint that they identify as the life insurance policy. But that document is titled "A Life Insurance Policy Illustration," states on the bottom of every page, "This is an illustration not a contract," and does not identify any beneficiaries. *See* [1-3]. Hartford attaches to its motion what it identifies as the insurance policy itself, along with all endorsements and beneficiary changes. *See* [26-2]. According to that document, the owner of the policy, Richard Sharif, submitted a request to change the beneficiary from "Richard Sharif Revocable Living Trust U/A dated 04/24/07" to Ragda Sharifeh on June 4, 2009. [26-2] at 41–42. But about an hour later, Sharif submitted a request to change the beneficiary back to the Richard Sharif Revocable Living Trust. [26-2] at 38–39. Hartford says, consistent with the document, the trust remained the beneficiary of the policy, and no further changes were made. Moreover, because Sharif had listed the policy among his assets and the trust as an entity within his control when he filed for bankruptcy ([26-4] at 10, 28), Hartford argues that changing the policy's beneficiary to Ragda Sharifeh would have violated several bankruptcy laws and likely would have been voided had Sharif not reversed course.[1] Plaintiffs do not object to the introduction of the document, challenge its authenticity, or otherwise dispute Hartford's characterization of the document or Sharif's actions. Instead, plaintiffs simply restate their position that Ragda Sharifeh is the policy beneficiary and again refer to the Life Insurance Policy Illustration.

---

[1] Richard Sharif's bankruptcy petition—a public court document—is subject to judicial notice. *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016).

Plaintiffs' allegation that Ragda Sharifeh is named as the beneficiary to the life insurance policy is not plausible. It does not find support in the exhibit to the complaint that is explicitly cited as support, and it is contradicted by the insurance policy attached to Hartford's motion. Further, plaintiffs make no effort to reconcile their allegation with the language of the insurance policy or address Hartford's arguments, and they make no other argument in support of Ragda Sharifeh's standing. Plaintiffs do not adequately plead that Ragda Sharifeh holds an interest in the assets that Hartford turned over, or was injured by that turnover, and therefore, cannot establish that she has standing.

Plaintiffs do not explicitly allege that the estate of Soad Wattar holds an interest in the life insurance policy, but argue (without citing to any legal authority) that the estate has standing because Wattar entered into the life insurance policy with Hartford. That argument is unpersuasive. When a beneficiary is designated, the proceeds of a life insurance policy are not included in the estate of the insured. *See Prignano v. Prignano*, 405 Ill.App.3d 801, 814, (2d Dist. 2010) ("[I]nsurance proceeds are paid directly to the designated beneficiary and therefore generally do not pass through probate."); 755 ILCS 30/1. The estate holds no interest in the insurance proceeds. Because plaintiffs cannot show that they were injured by Hartford's conduct, they fail to establish standing to bring claims against Hartford.

Plaintiffs also fail to allege injury in fact with respect to the claims against Wells Fargo. Plaintiffs allege that the assets that were in Wells Fargo's possession belonged to the estate of Soad Wattar. But plaintiffs also allege that, prior to Soad

6

Wattar's death, those assets belonged to the Soad Wattar Revocable Living Trust. According to plaintiffs, ownership of those assets transferred from the trust to the estate upon Wattar's death, but they provide no legal or factual support for that claim. Plaintiffs' theory is wrong. As Wells Fargo notes, trust assets do not automatically become part of a settlor's estate upon the settlor's death. *See Zelenka v. Krone*, 294 Ill.App.3d 248, 252 (3d Dist. 2002), *as modified on denial of reh'g* (Feb. 19, 1998), *abrogated on other grounds by Petersen v. Wallach*, 198 Ill.2d 439, (2002). Indeed, removing assets from the settlor's estate and avoiding probate proceedings is often the purpose of creating a trust in the first place. *Id*. Wells Fargo argues that the assets still belonged to the trust, not the estate, when the August 5, 2010 order was entered. Because plaintiffs provide no authority to refute that argument and do not allege that Ragda held an interest in those assets, they fail to plausibly allege that they held an interest in the assets transferred by Wells Fargo.

Without an interest in the assets transferred by Hartford or Wells Fargo, plaintiffs could not have been injured by those transfers. "A plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998) (citations omitted). Because the complaint does not meet the threshold requirements of Article III, defendants' motions are granted, and the complaint is dismissed under Rule 12(b)(1).

7

**B.     Failure to State a Claim**

Defendants also move to dismiss under Rule 12(b)(6). For the reasons discussed below, even if plaintiffs had established injury sufficient to confer standing, their claims would be dismissed for failure to state a claim.

*1.     Breach of Contract*

To state a claim for breach of contract, plaintiffs must allege: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill.App.3d 752, 759 (1st Dist. 2004)). With respect to their breach of contract claim against Hartford, plaintiffs allege that the estate performed under the terms of the life insurance policy, and Hartford breached the policy by failing to disburse the proceeds to Ragda Sharifeh. As discussed above, Hartford submits with its motion to dismiss a copy of the Soad Wattar life insurance policy, and that policy names Richard Sharif as its owner and the Richard Sharif Revocable Living Trust as its beneficiary. Because the policy is referred to in the complaint and central to its claims, it will be considered, and to the extent that the terms of the policy conflict with the complaint, the policy controls. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Plaintiffs' allegation that Ragda Sharifeh is the beneficiary of the policy is not plausible, and because plaintiffs do not allege that they have any rights or benefits under the contract, the complaint fails to state a claim against Hartford for breach of contract.

8

The complaint also fails to state a breach of contract claim against Wells Fargo. The estate brings that claim against Wells Fargo, alleging that Wells Fargo entered into a contract with Soad Wattar to hold assets in a trust, and breached its contractual obligations by failing to give the assets to the estate, and by failing to provide notice to the estate that it would give assets to the bankruptcy trustee. But the contract plaintiffs refer to is the agreement establishing the Soad Wattar Revocable Living Trust, [1-2], to which neither plaintiffs nor Wells Fargo are parties. And as discussed above, assets belonging to a trust do not become the property of the settlor's estate upon her death. Because plaintiffs do not plausibly allege a valid and enforceable contract between the parties, they do not state a claim for breach of contract.

## 2. Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty, a plaintiff must allege that a fiduciary duty exists, breach of that duty, and damages proximately caused by that breach. *Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006) (citing *Neade v. Portes*, 193 Ill.2d 433, 444 (2000)). A fiduciary duty arises either as a matter of law or by the special circumstances of the parties' relationship, "where one party places trust in another so that the latter gains superiority and influence over the former." *Crichton v. Golden Rule Ins. Co.*, 358 Ill.App.3d 1137, 1149 (5th Dist. 2005).

In its motion, Hartford argues that the complaint does not plausibly allege a fiduciary duty. Plaintiffs counter that a fiduciary relationship arises between an

9

insured and an insurance broker when the broker acts as the insured's agent. While that may be true, *see Perelman v. Fisher*, 298 Ill.App.3d 1007, 1011 (1st Dist. 1998), it has no bearing on this case. Plaintiffs do not allege that Hartford is an insurance broker or that Hartford acted as the agent of Soad Wattar, the insured, or of either plaintiff. Hartford is an insurance company, and there is no fiduciary relationship between an insurance company and an insured as a matter of law. *See Nielsen v. United Servs. Auto. Ass'n.*, 244 Ill.App.3d 658, 666 (2d Dist. 1993). Plaintiffs make no other allegation or argument to suggest that the parties share a fiduciary relationship or that a fiduciary duty exists. Therefore, the complaint fails to state a claim for breach of fiduciary duty against Hartford.

The breach of fiduciary duty claim against Wells Fargo suffers from the same defect. Plaintiffs argue that Wells Fargo owes the estate of Soad Wattar a fiduciary duty, because an escrowee owes a fiduciary duty to act according to escrow instructions. [36] at 7 (citing *Int'l Capital Corp. v. Moyer*, 347 Ill.App.3d 116, 123 (1st Dist. 2004)). But plaintiffs do not allege that Wells Fargo was an escrowee, or that the parties were subject to an escrow agreement. Plaintiffs allege no other support for a finding of a fiduciary relationship between the parties. Thus, the complaint fails to state a claim for breach of fiduciary duty against Wells Fargo.

    3.    Negligence

To state a claim for negligence, a plaintiff must allege "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Swearingen v. Momentive Specialty Chems.,*

*Inc.*, 662 F.3d 969, 972 (7th Cir. 2011). Plaintiffs' negligence claims against defendants mirror their breach of fiduciary duty claims, with the additional allegation that defendants failed to have a reasonably competent attorney read the order and properly interpret its meaning. The claims fail for the same reason—plaintiffs do not plausibly allege that defendants owed them a duty.[2]

### C. Leave to Replead

Plaintiffs do not explicitly request an opportunity to replead, but ordinarily, such an opportunity should be given. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). However, a court may dismiss a complaint with prejudice if amendment would be futile. *Id.* at 20. While plaintiffs' claims sound in contract and tort theories, the gravamen of the complaint is plaintiffs' objection to defendants' compliance with the bankruptcy court's August 5, 2010 order. Ultimately, plaintiffs seek to attack that order, but they may not use this forum to do so. Plaintiffs provide no indication that they would amend the complaint with a different goal in mind, and offer no plausible basis to believe that they could allege a cognizable injury that would make their claims justiciable.

### IV. Conclusion

Hartford's motion to dismiss, [24], and Wells Fargo's motion to dismiss, [27], are both granted. Plaintiffs' complaint is dismissed without prejudice for lack of

---

[2] Defendants also argue that plaintiffs' negligence and breach of fiduciary duty claims are time-barred, and that principles of res judicata and collateral estoppel preclude some of plaintiffs' claims. Because plaintiffs do not establish Article III standing and fail to state claims for relief on other grounds, I need not reach this issue.

11

standing. Alternatively, the complaint fails to state a claim. Enter judgment and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 2/10/2017